

# Fourth Court of Appeals
## San Antonio, Texas

March 7, 2014

No. 04-13-00805-CR

Ex Parte Santos **GUEVARA**,
Appellant

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4704-A
Honorable N. Keith Williams, Judge Presiding

## O R D E R

The clerk's record and reporter's record were both due November 27, 2013. On December 11, 2013, the clerk notified this court that the clerk's record had not been filed because appellant had failed to pay or make arrangements to pay the clerk's fee for preparing the record, and appellant was not entitled to appeal without paying the fee. The clerk also stated appellant has not filed a designation of the records to be included in the clerk's record. Therefore, on December 16, 2013, this court ordered appellant to provide written proof to this court no later than December 27, 2013 that either (1) the clerk's fee had been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee. Our order cautioned appellant that if he failed to respond within the time provided, this cause would be abated to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 37.3(a)(2).

On December 27, 2013, appellant filed a "Verified First Motion to Extend Time for Reporter's Record and Clerk's Record With Request for Telephone Hearing If Necessary," in which appellant requested an additional sixty days "for filing of the Clerk's Record, and the Reporter's Record." In this motion, retained counsel for appellant, Mr. James R. Chapman, stated appellant is indigent; however, no written proof of appellant's indigence was provided.

On January 7, 2014, this court granted appellant's motion and ordered Mr. Chapman to provide written proof to this court no later than February 25, 2014 that either (1) the clerk's fee has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee. Our order cautioned Mr. Chapman that if he failed to respond within the time provided, this cause would be abated to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 37.3(a)(2). Finally, our order stated that no further extensions of time would be granted.

On March 3, 2014, the reporter's record was filed; however, the clerk's record has not been filed.

Mr. Chapman has failed to respond to our January 7, 2014 order, specifically with regard to the clerk's record. Therefore, pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we ABATE this appeal, REMAND the case to the trial court, and ORDER the trial court to conduct a hearing to determine:

(1) whether appellant desires to prosecute his appeal;

(2) whether appellant has made the necessary arrangements for filing a brief; and

(3) whether counsel has abandoned the appeal. Because sanctions may be necessary, the trial court should make a finding as to whether the current counsel abandoned the appeal even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first issue by sworn affidavit from the appellant. The trial court shall, however, order Mr. Chapman to be present at the hearing.

The trial court is further ORDERED to make written findings and conclusions on these issues. The clerk and court reporter are ORDERED to file in this court, no later than April 7, 2014, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact, conclusions of law, and recommendations addressing the above issues. *See* Tex. R. App. P. 38.8(b)(3).

The clerk of this court is directed to serve a copy of this order on Mr. Chapman by regular United States mail and by certified mail, return receipt requested. The clerk of this court is also directed to fax a copy of this order to the State and the trial court.

_Sandee Bryan Marion_
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of March, 2014.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court